USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/23/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KOTHARU B. RAJU,

      Petitioner,

   v.

CHRISTOPHER SHANAHAN *in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*; TISH NALLS CASTILLO *in her official capacity as Director of the Hudson County Correctional Center*; JEH JOHNSON *in his official capacity as Secretary of Homeland Security*; LORETTA LYNCH *in her official capacity as the Attorney General of the United States*; and the U.S. DEPARTMENT OF HOMELAND SECURITY,

      Respondents.

No. 15-CV-7499 (RA)

<u>OPINION & ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

  Petitioner Kotharu Raju brought this Petition for a Writ of Habeas Corpus ("Petition" or "Pet.") seeking a bond hearing in light of her detention by U.S. Immigration and Customs Enforcement ("ICE"). Because the Second Circuit's recent opinion in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), forecloses the arguments raised in the petition and Plaintiff's proposed amendment would be unripe for adjudication at this juncture, this Court dismisses the Petition without prejudice.

## BACKGROUND

### I. Detention

On July 31, 2015, Petitioner was detained by ICE agents based on a 2001 conviction for stolen property in the second degree and grand larceny in the second degree, for which he received a one and one-half to four and one-half year sentence. Pet. ¶¶ 6–7. Petitioner served approximately eight months of that sentence and was subsequently placed on parole, which he completed successfully in 2005. *Id.* ¶ 7.

At Petitioner's detention hearing, ICE determined that Raju was removable due to his conviction of an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and subject to mandatory detention under Section 236(c) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226(c). *See* Pet. Ex. B. That provision requires ICE to "take into custody any alien who" meets a number of conditions "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation." 8 U.S.C.A. § 1226(c).

### II. Procedural History

Petitioner initiated this proceeding on September 22, 2015, and amended his Petition on October 9, 2015. *See* Dkt. 1, 4. On October 28, 2015 the Second Circuit issued its decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), which held that an immigrant detained pursuant to section 1226(c) (i) can be detained following a term of either imprisonment or probation; (ii) need not be detained immediately following the immigrant's release; and (iii) "must be afforded a bail hearing . . . within six months of his or her detention." *Id.* at 605–06, 616. The following day, this Court ordered the parties to submit a joint letter outlining their positions as to how the case should proceed in light of *Lora*, *see* Dkt. 11, and the parties filed their letter on November 4, 2015, *see* Dkt. 12, at 1–2 (hereinafter "Joint Letter" or "Ltr.").

## DISCUSSION

In the Joint Letter, Petitioner rightly asserts that "*Lora* is now the law of the Second Circuit." Despite the fact that he has not been detained for six months, however, Petitioner nevertheless urges the Court to retain jurisdiction over the action to allow Petitioner until late November to "provide this Court with a clear picture of whether his detention is likely to exceed six months." Ltr. at 1–2. The Government responds that Petitioner's arguments are foreclosed by *Lora* and that any additional claim regarding the length of detention is not yet ripe. *Id.* at 3. The Court agrees with the Government.

### I. Arguments in the Petition

In the Petition, Raju asserts that section 1226(c) permits detention only within a reasonable time following a period of incarceration, *see* Pet. at 8; and that applying section 1226(c) to Petitioner after he had reintegrated into the community violates the Due Process Clause, *see* Pet at 13. Both of these arguments are foreclosed by the Second Circuit's decision in *Lora*.

*Lora* concerned a lawful permanent resident who pled guilty to multiple cocaine offenses and was sentenced to five years of probation. 804 F.3d at 606. Over three years into the probationary term, ICE initiated removal proceedings against Lora and detained him pursuant to section 1226(c).[1] *Id.* In response, Lora filed a writ of habeas corpus challenging his continued detention. He argued, *inter alia*, that the mandatory detention provision in section 1226(c) applied only when ICE detained an alien immediately following "when the alien [was] released" from a

---

[1] While his removal proceedings were pending, Lora reached an agreement with the state prosecutor that allowed him to vacate his original plea in favor of a plea to a single count of third degree possession of a controlled substance. *Lora*, 804 F.3d at 607. Although this prevented ICE from detaining Lora due to his conviction for an aggravated felony, Lora was still technically subject to mandatory detention under section 1226(c) because he had been convicted of a crime involving a controlled substance. *Id.* at 607 & n.12.

3

period of incarceration, probation, supervised release, or parole, and that his extended detention violated the Due Process Clause. *Id.* at 605.

The Second Circuit rejected Lora's argument about the meaning of "when the alien is released," but nevertheless ordered a bail hearing. First, the *Lora* court, in deference to the statutory interpretation of the Board of Immigration Appeals, interpreted section 1226(c) to allow detention at any time—irrespective of the time elapsed from "when the alien is released." *See id.* at 609 (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984)). Second, the circuit recognized that indefinite detention would raise significant constitutional concerns, and concluded, under the cannon of constitutional avoidance, that section 1226(c) "must be read as including an implicit temporal limitation." *Id.* at 614. Specifically, the court held that "an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." *Id.* at 616. While it considered requiring district courts to evaluate each application for habeas relief on a "case-by-case" basis, the court instead elected to follow a "bright-line rule" that provides "clear guidance and ease of administration to government officials." *Id.* at 615–16. Lora was thus entitled to a bail hearing because ICE had detained him for longer than six months. *Id.*

Petitioner's first ground for relief—that ICE unlawfully detained him more than a reasonable time from his "release"—is directly addressed and rejected by *Lora*. *Id.* at 611–12 (deferring to the BIA on the meaning of "when . . . released"). Petitioner's second basis for relief is equally unavailing. He claims that his due process rights were violated because he had already been reintegrated into the community. Pet. at 13. The circuit, however, specifically eschewed this type of "case-by-case" analysis in *Lora*, adopting instead a "bright-line rule" that ensured all aliens

4

would receive a bail hearing within six months, thereby avoiding any potential due process concerns. *Id.* at 615–16. Petitioner has been incarcerated for less than four months.

Because both of Petitioner's arguments are foreclosed by *Lora*, the Petition must be dismissed.

## II. Petitioner's Proposed Amendment

In the Joint Letter, Petitioner urges the Court to retain jurisdiction over this action until his next immigration hearing, and if "there is not a basis in the record to apply *Lora* to Mr. Raju's petition" to allow him to amend the Petition to allege a due process violation based on his prolonged detention. Because the existing Petition must be dismissed for the reasons discussed above and because proposed amendment would be futile, Petitioner's application is denied.

A motion to amend a habeas petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a). *See Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Under that rule, "leave [to amend] shall be freely given when justice so requires." Fed R. Civ. P. 15(a). A court, however, "may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," including where amendment would be futile. *Ching*, 298 F.3d at 180 (citing "futility" as a basis for refusing amendment); *see also Feliciano v. United States*, No. 01-cv-9398 (PKL), 2009 WL 928140, at *3 (S.D.N.Y. Mar. 30, 2009) ("Feliciano's proposed amendments to his habeas petition would be futile, and this Court denies the motions to amend."); *Jorge v. Phillips*, No. 05-cv6091 (LAP) (MHD), 2008 WL 344718, at *2 (S.D.N.Y. Jan. 31, 2008) ("[A]ny amendment [to the habeas petition] would be futile, compelling the denial of a motion to amend.").

Petitioner requests leave "to amend his petition to add a due process claim based on prolonged detention." Ltr. at 2. The Government responds that any argument about the length of

Petitioner's detention will not be ripe under *Lora* until Petitioner has been detained for six months or—at the earliest—January 31, 2016. *Id.* at 3. Although Petitioner acknowledges that, having been first detained on July 31, he has not been held for longer than six months, he argues that "on information and belief, there is no evidence that the Executive Office for Immigration Review (EOIR) is consistently scheduling bond hearings even for detainees who have been detained far longer than six months." *Id.* at 2. Such a claim is not ripe for adjudication.

The ripeness doctrine exists in two forms: constitutional and prudential. "Constitutional ripeness is a doctrine that, like standing, is a limitation on the power of the judiciary. It prevents courts from declaring the meaning of the law in a vacuum and from constructing generalized legal rules unless the resolution of an actual dispute requires it." *Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003). Prudential ripeness, meanwhile, is "a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary." *Id.*

This action is unripe under both doctrines. For constitutional ripeness, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–581 (1985)). Here, Petitioner's speculation that he will not receive a bail hearing before January 31, 2016 is just that—speculation. *Lora* was decided less than a month ago and it remains to be seen how ICE will implement its mandate; any allegation of expected injury is based on pure conjecture.

Prudential ripeness also counsels in favor of dismissal. "Two factors inform [the Court's] analysis of prudential ripeness: 1) the fitness of the issues for judicial decision; and 2) the hardship to the parties of withholding court consideration." *In re Basciano*, 542 F.3d 950, 958 (2d Cir.

2008). Here, Petitioner cannot assert a controversy fit for adjudication by this Court until early February. Retaining jurisdiction, therefore, would run afoul of the "basic rationale" of the prudential ripeness doctrine: "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

Nor can Petitioner claim any hardship from the dismissal of his claims. The hardship prong "clearly injects prudential considerations into the mix, requiring [courts] to gauge the risk and severity of injury to a party that will result if the exercise of jurisdiction is declined." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). Here, the only potential hardship is the requirement that Petitioner file a new petition if ICE fails to provide a bond hearing by February—a claim over which this Court does not now have jurisdiction.

As any amendment to allege a violation of *Lora*'s six month limitation on detention would present an unripe controversy, amendment would be futile. Petitioner's application to amend his petition is thus denied.[2]

---

[2] To the extent that Petitioner seeks to make a due process claim based on prolonged detention of less than six months, that claim has been directly foreclosed by *Lora*. *See* 804 F.3d at 615 (noting that the Supreme Court has held that "six months was a 'presumptively reasonable period of detention' in a related context, namely post-removal-determination detention." (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001))).

## CONCLUSION

In light of *Lora*, this Court dismisses the instant Petition and denies Petitioner's application to amend his Petition. This action is dismissed without prejudice.

SO ORDERED.

Dated:  November 23, 2015
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge